UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| MELISSA D. WOLFENBARGER, | ) | |
| --- | --- | --- |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos.: 3:19-CV-498-TAV-HBG |
| | ) | 3:18-CR-37-TAV-HBG-6 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM OPINION**

Petitioner Melissa Wolfenbarger has filed a motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255 [Doc. 1]. The government has responded in opposition [Doc. 9]. Because, based on the record before the Court, it plainly appears that Petitioner is not entitled to relief, it is not necessary to hold an evidentiary hearing,[1] and her motion will be **DENIED**.

**I.    Background[2]**

Petitioner repeatedly purchased ounce quantities of methamphetamine from her co-defendant for resale [Doc. 50 ¶ 3]. She pled guilty to conspiring to distribute at least fifty grams of actual methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1),

---

[1] An evidentiary hearing is required on a § 2255 motion unless the motion, files, and record conclusively show that the prisoner is not entitled to relief. *See* 28 U.S.C. § 2255(b). It is the prisoner's ultimate burden to sustain her claims by a preponderance of the evidence. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). Accordingly, where "the record conclusively shows that the petitioner is entitled to no relief," a hearing is not required. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citation omitted).

[2] Document numbers in this section refer to the criminal case, 3:18-CR-37-6.

(b)(1)(A) and admitted to an amount of at least fifty grams but less than 150 grams of actual methamphetamine [*Id.* ¶¶ 1, 3]. The plea agreement additionally stated that "[b]ecause of the defendant's prior felony drug conviction," the punishment was a "term of imprisonment of twenty years up to life" [*Id* ¶ 1]. Petitioner was classified as career offender [Doc. 79 ¶ 43], and defendant as sentenced to 180 months' imprisonment [Doc. 135]. Consistent with the waiver provision of her plea agreement [Doc. 50 ¶ 9], she did not appeal. Petitioner then timely filed the instant motion, seeking relief under 28 U.S.C. §2255 [Doc. 224].

## II. Analysis

Petitioner raises five ineffective assistance of counsel claims. Petitioner argues that counsel was ineffective for failing to: (1) share all discovery with her before pleading guilty, (2) tell her of the right to challenge prior convictions, (3) file a motion to amend the judgment pursuant to the First Step Act, (4) file a direct appeal, and (5) correctly advise her of her eligibility under *United States v. Davis*, 139 S. Ct. 2319 (2019) [Doc. 2]. Pursuant to these claims, Petitioner files this collateral attack.[3]

---

[3] Petitioner additionally requests that the Court hold her case in abeyance until a decision is made by the Supreme Court in *Shular v. United States*, 140 S. Ct. 779 (2020) [Doc. 2 p. 5]. *Shular* pertains to the interpretation of the Armed Career Criminal Act. Being classified as an armed career criminal is a separate enhancement than being a career offender. Indeed none of Petitioner's charges here pertain to the possession or use of firearms. Since Petitioner qualified as a career offender, not an armed career criminal, *Shular* is therefore inapplicable to Petitioner's case.

The Court must vacate, set aside, or correct a prisoner's sentence if it finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack . . . ." 28 U.S.C. § 2255. To obtain relief under § 2255 because of a constitutional error, the error must be one of "constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). A § 2255 petitioner has the burden of proving that he is entitled to relief by a preponderance of the evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). He must clear a significantly higher hurdle than would exist on direct appeal, *United States v. Frady*, 456 U.S. 152, 153 (1982), and demonstrate a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

Claims of ineffective assistance of counsel are cognizable under § 2255. *Massaro v. United States*, 538 U.S. 500, 508–09 (2003). The Sixth Amendment guarantees criminal defendants the right to "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A petitioner alleging ineffective assistance of counsel must fulfill two criteria in either order. First, a petitioner must establish that her counsel's performance was deficient, that is, falling "below an objective standard of reasonableness . . . under prevailing professional norms." *Id.* at 688. Consequently,

3

counsel is "not required to raise meritless arguments." *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998). Counsel is presumed to have provided effective assistance, and petitioner bears the burden of showing otherwise. *Mason v. Mitchell*, 320 F.3d 604, 616–17 (6th Cir. 2003); *Strickland*, 466 U.S. at 689.

Second, a petitioner must show that her attorney's deficient performance prejudiced her defense, in the sense that defendant must show "there is a reasonable probability that, but for counsel's [] errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691. In cases where the petitioner pled guilty, the analysis is somewhat different, in that a petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

If a petitioner fails to establish both deficiency and prejudice, the claim must be rejected. *Id.* at 697. Thus, "the inability to prove either one of the prongs – regardless of which one – relieves the court of any duty to consider the other." *Nichols v. United States*, 563 F.3d 240, 249 (6th Cir. 2009) (*en banc*). None of Petitioner's claims offer relief.

### A. Failure to Show Discovery to Petitioner

Petitioner argues counsel was ineffective for failing to show her the evidence regarding her conduct that would fulfill the elements of the offense [Doc. 1 p. 6]. She

states she repeatedly asked counsel for discovery to see if her conduct conformed to the elements of the offense [Doc. 2 p. 4]. She asserts she purchased drugs from one individual and did not believe she was involved in a conspiracy but instead was in a buyer/seller relationship [*Id.*]. She states she would not have pled guilty and instead gone to trial [*Id.*].

The government responds that Petitioner "stipulated to ample facts, when pleading guilty, from which the Court could find that each element of the offense had been satisfied" [Doc. 9 p. 4]. She admitted to asking her co-defendant for ounce quantity amounts of methamphetamine on three occasions and to purchasing it on two of those occasions [Doc. 50 ¶ 3(c)]. "[E]vidence of repeat purchases provides evidence of more than a mere buyer-seller relationship" because it establishes an ongoing relationship. *United States v. Brown*, 332 F.3d 363, 373 (6th Cir. 2003). The government argues that Petitioner has not identified any information unknown to her or how that would have changed the outcome of the case. This Court may presume that Petitioner would not have pleaded guilty to an agreement stipulating particular facts unless they were true. *See United States v. Socolovitch*, 340 F. App'x 291, 296 (6th Cir. 2009). Defendant is in the best position to know the facts of the case. The government states her "misunderstanding about the legal significance of those facts does not mean that she was unaware of the facts contained in the discovery" [Doc. 9 p. 4]. Accordingly, Petitioner fails to fulfill the performance prong, since counsel's behavior was not below objective standards of reasonableness.

During the change of plea hearing, as is consistent with this Court's practice, Petitioner was asked if she was satisfied with the advice given to her by counsel and

whether counsel had discussed possible defenses, the plea agreement, the terms contained therein, the factual basis, the nature and meaning of the charge, and the elements of the offense. She additionally confirmed no person had put pressure on her to plead guilty. It is well-settled that where a Court scrupulously follows the requirements of Rule 11 of the Federal Rules of Criminal Procedure, "'the defendant is bound by [her] statements in response to that court's inquiry.'" *Baker v. United States*, 781 F.2d 85, 90 (6th Cir.1986) (quoting *Moore v. Estelle*, 526 F.2d 690, 696–97 (5th Cir.1976)). *See also Warner v. United States*, 975 F.2d 1207 (6th Cir.1992) (defendant's "decision to lie to the district court cannot amount to prejudice"). During the plea hearing, she did not raise any issues regarding pleading guilty without having first seen all discovery. Being aware of her actions, and having agreed to the terms of the plea agreement by signing it and affirming its contents in open court, there is nothing to suggest that she would not have pled guilty if she had been shown discovery. Therefore, Petitioner also fails to demonstrate she suffered prejudice as a result.

      **B.**      **Failure to Advise Petitioner of Right to Challenge Prior Convictions**

Petitioner argues that counsel was ineffective for failure to "apprise her of her right to challenge her prior convictions" in an 851 hearing [Doc. 1 p. 5]. She states she "believed" her prior pleas for the prior offenses were unintelligent, not knowing, and involuntarily made [Doc. 2 p. 2]. Petitioner contends that counsel's failure to request a hearing caused prejudice, as "documents could have been presented to the court and the categorical approach could have been used in determining whether or not she qualified for

6

this enhancement" [*Id*. p. 3]. Additionally, Petitioner is "unsure as to whether or not her state convictions were illegally obtained through illegal seizures that violated her 4th Amendment right or whether she was denied the effective assistance of counsel during state proceedings [*Id*. p. 4].

The government argues that Petitioner has not identified any plausible basis on which she could have challenged her prior convictions [Doc. 9 p. 5]. She did not contest the validity of these convictions in state court, and she affirmed the convictions when asked by this Court. Her potential bases are speculative, stating that she "believed" her plea is invalid and she is "unsure" as to other matters. Without having plausibly identified a basis for challenging the validity of the conviction, Petitioner cannot prove that counsel was ineffective by not raising these arguments. Counsel is not ineffective for raising meritless claims. *Mapes v. Coyle*, 171 F.3d 408, 427 (6th Cir. 1999). Accordingly, this argument must be rejected.

## C. Failure to File a First Step Act Motion

Petitioner argues that counsel was ineffective for failing to file a motion pursuant to the First Step Act of 2018 [Doc. 2 p. 4]. She states she knew the law could possibly apply to her case and instead of requesting a continuance, she proceeded to sentencing [*Id*.]. She believed the Court would have considered the changes in the law and gone below the sentence in the plea agreement due to its non-binding effect on the Court [*Id*.].

The government states that the First Step Act was not intended to benefit those like Petitioner who were sentenced before the date of enactment of the Act, which was

December 21, 2018 [Doc. 9 p. 6]. First Step Act, Pub. L. No. 115-391, 132 Stat 5194 (2018). Section 401, which altered prerequisites for enhanced penalties, was intended to "apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment." *Id*. at § 401(c), 132 Stat. at 5221. Because Petitioner was sentenced on December 18, 2018, her sentence had already been imposed, and she was ineligible for relief. Counsel therefore did not render deficient performance by failing to file a post-judgment motion on that basis, and she was not prejudiced for the failure to do so.

### D. Failure to File Direct Appeal

Petitioner argues that counsel was ineffective for failure to file a direct appeal [Doc. 1 p. 4]. She states that despite her waiver, she requested an appeal be filed "due to issues that she felt were meritorious and would possible [sic] be considered under *Penson v. Ohio*" [*Id*.]. She states that after sentencing, she spoke with counsel about the "post-conviction process and the avenues that could be taken as far as relief to her sentence," and she was advised that she signed a waiver and would not be able to file an appeal [Doc. 2 p. 1]. Petitioner argues that despite the waiver, an appeal could have been filed about "discrepancies with the plea and the advising of her rights" [*Id*.]. She states that had he acted on her behalf, a timely notice of appeal would have followed [*Id*.].

"[A]n attorney is per se ineffective if she disregards a defendant's express instructions to file an appeal." *Neill v. United States*, 937 F.3d 671, 676 (6th Cir. 2019). However, this only applies "when a defendant actually requests an appeal, and [her]

counsel disregards the request." *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998). Petitioner does not allege any facts in support of a direct request for an appeal. The Sixth Circuit has held that even expressing desire to appeal does not qualify as a specific instruction. *Regalado v. United States*, 334 F.3d 520, 525 (6th Cir. 2003) ("But although Regalado expressed her desire to file an appeal, she did not specifically instruct Yzaguirre to do so."). Petitioner here provides no evidence that she specifically instructed counsel to file an appeal.

Additionally, an attorney must consult with a defendant if a rational defendant would want to appeal or when that defendant reasonably demonstrated interest in appealing. *Neill*, 937 F.3d at 676. Petitioner states that she did indeed discuss the matter with counsel. Petitioner is therefore unable to show that her attorney's performance was constitutionally ineffective, and this claim is rejected as meritless.

### E. Failure to Correctly Advise Regarding *United States v. Davis*

Petitioner argues counsel was ineffective for telling her she was potentially qualified for consideration under *United States v. Davis* when she was not [Doc. 1 p. 8]. Petitioner states that *Davis* and her case have nothing in common and nothing in *Davis* would qualify her for relief [Doc. 2 p. 2]. She states his misadvise about the applicability of this case was erroneous and demonstrates deficient performance [*Id*.]. However, since *Davis* is inapplicable to her case, Petitioner cannot establish prejudice, and this claim must be rejected.

9

## III. CONCLUSION

For the reasons explained above, Petitioner is not entitled to relief under 28 U.S.C. § 2255, and her motion to vacate, set aside or correct her sentence [Doc. 1] will be **DENIED**, and this action will be **DISMISSED**. The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Fed. R. App. P. 24. Moreover, because Petitioner has not made a substantial showing of the denial of a constitutional right and jurists of reason would not dispute the above conclusions, *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Fed. R. App. P. 22(b). A separate judgment will enter.

ENTER:

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE